This is a bill filed by the wife for maintenance under section 26 of the Divorce act. Complainant admits that she left her husband and refuses to live with him, but asserts, in justification, that the defendant was guilty of extreme cruelty to her. The defendant denies the cruelty alleged, and contends that his wife left him without justifiable cause.
The parties were married in 1889 and they lived together for twenty-five years. They were poor, and both worked hard. Eventually, as a result of their mutual labors, they acquired a small farm at Haledon, in this state, where they raised poultry, conducted a dairy, and engaged in the usual farm pursuits. The husband is over sixty years of age and is small in stature, being but a little over five feet in height, and weighing only about one hundred and fifteen pounds. The wife is forty-nine years of age and weighs at least fifty pounds more than the husband. She is in the best of health. The husband is not physically strong. *Page 69 
They appear to have lived together with ordinary happiness until the year 1921, when difficulties arose between them, due, chiefly, to a difference in attitude towards their son, now grown up and emancipated, but who seems to have been neither provident nor successful in his business activities. Their lack of accord, which thus developed in their late marital experience, culminated in an open rupture on August 24th, 1924, at which time is said to have occurred the main act of cruelty alleged by the complainant in justification of her refusal to further live with the defendant, and which appears to be the only specific act which could be regarded as sufficiently serious to warrant judicial intervention.
The stories of the husband and wife as to what took place on this specific occasion differ materially. The wife, who is the complainant, and who has the burden of establishing her allegations of cruelty, asserts that her husband came home drunk, and after abusing her regarding the manner in which she had been performing her work on the farm, finally said that he was going to kill her and had come home to beat her; and then he grabbed her by the hair and throat and choked her until she succeeded in releasing herself from him and ran away. He ran after her, shouting that he was going to kill her, but she succeeded in escaping from him, and remained in the woods from about five o'clock in the afternoon until ten o'clock at night. She then went to a Mr. Okum, who was a witness in the case, and together they went to a justice of the peace in Haledon, to make a complaint. The justice of the peace sent for the defendant, and two constables went to the farm for him. No complaint was actually made by the wife against the husband, and the justice of the peace, after hearing the circumstances, advised the parties to return to their home, and warned the husband against improper treatment of his wife. The wife, however, refused to return with the husband.
On the other hand, the husband asserts that his wife attacked him and struck him with a milk bottle, which cut a severe gash in his head, and that she then ran away from him. He denies absolutely the story told by the wife. The two *Page 70 
constables testified that when they went after the defendant, at the direction of the justice of the peace, they observed a fresh gash upon his head, and his hat was lying on the floor of the milk house with a broken bottle close by. Mr. Okum testified that when he saw the wife, her clothing was disarranged and her hair disheveled. That was about five hours after the alleged combat took place. There was a workman on the farm at the time, but he testified that he saw nothing of the occurrence, being quite a distance away from the room where it took place. He, however, saw the fresh wound on the defendant's head when the parties were before the justice of the peace. Shortly after the incident of August 24th, 1924, the complainant visited the farm, and she admits that at that time the defendant requested her to remain. The constables also testified that they heard the defendant request the complainant to go back with him. The complainant, however, refused, and still refuses to live with the defendant. This is practically all the material evidence there is in the case.
However, if what the wife says is true, there would be no doubt in my mind that the treatment to which her husband had subjected her was sufficient to cause a condition of terror and apprehension for her future safety, which would justify her in pursuing the course she has taken, and which would warrant the law in dealing summarily with him. But the difficulty which I have with the case is, that I am unable to discover such satisfactory corroboration of the complainant's story to permit me to say that I feel she has sustained her allegations of the husband's cruelty with that clear and convincing proof which is required in cases of this character. I think that the wife should be protected to the fullest extent of the law against any tendency to violence on the part of the husband, but in the present posture of the evidence in the case I am constrained to find that the complainant has failed to sustain the burden necessary to obtain the relief which she here seeks, and I will therefore advise a decree dismissing the bill, but without prejudice. *Page 71